IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYAN HAMILTON,

        Plaintiff,

v.                                                                                  CIV 09-0080 KBM/LAM

DONALD ANDERSON,
SALLY ANDERSON, and
MOLLIE OBLINGER,

        Defendants.

# MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant Mollie Oblinger's Motion for Summary Judgment *(Doc. 69)* and on her related Motion to Strike Exhibit D *(Doc. 91)* to Plaintiff's response in opposition to the motion for summary judgment.  Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge in this diversity-based action and enter final judgment.  Having reviewed the motions, all memoranda and exhibits submitted by the parties and the relevant authorities, I find Defendant's motions are well taken and will be granted.

## The Summary Judgment Standard

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The Court must "view the evidence and draw any

inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)). Indeed, summary judgment

> is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action.". . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Id.* at 325. Only then does the burden shift to the nonmovant to come forward with admissible evidence showing that there is a genuine issue of material fact. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 877, 891 (10th Cir. 1991).

## The Undisputed Evidence

At the time of the incident which forms the basis for this lawsuit, Defendant Mollie Oblinger was in Roswell participating in the "Artist In Residence" program. Defendants Donald and Sallie Anderson were supporters of the program and own the property at which the tragic accident took place. Defendant Oblinger and Plaintiff Bryan Hamilton were friends of just three or four weeks when he fell from "the Henge," which has been variously described as a building, a structure, a monument and an enormous sculpture located on the Andersons' property. Hamilton suffered severe injuries including paralysis.

Oblinger did not reside at the Anderson's home nor reside on the property where the accident occurred.  Rather, the Andersons had given her, as an Artist in Residence, permission to use their swimming pool and surrounding pool area.  On that fateful May 31, 2006, Oblinger had invited twenty-four year old Hamilton to join her for swimming as he had on two previous occasions.  While Oblinger was seated on the grassy knoll nearby the pool, Hamilton proceeded to do a "strip tease" by tossing his towel and then scurrying to climb the nearby Henge.  There are no footholds or handholds on the Henge so Hamilton "monkey climbed" up to a point where he stood on a chicken wire-reinforced 2 foot by 3 foot glass skylight.  The skylight gave way under his weight, and he dropped thirty feet to the inside of the building.  Hamilton contends that his injuries are due, at least in part, to the negligence of Oblinger.

## Legal Analysis

"It is axiomatic that a negligence action requires that there be a duty owed from the defendant to the plaintiff; that based on a standard of reasonable care under the circumstances, the defendant breached that duty; and that the breach was a cause in fact and proximate cause of the plaintiff's damages."  *Romero v. Giant Stop-N-Go of New Mexico, Inc.*, 2009-NMCA-059, 146 N.M. 520, ___, 212 P.3d 408, 410.  As Defendant notes, "[i]n the absence of a legal duty, there is *'no general duty to protect others from harm.'*"  Doc. 70 at 8 (quoting *Johnstone v. City of Albuquerque*, 140 N.M. 596, 600, 145 P.3d 76, 80 (Ct. App. 2006) (emphasis added).  Thus, unless the law imposes a duty on the defendant to protect the plaintiff's interest, a negligence claim cannot survive.  "Whether a duty exists is a question of law for the courts to decide."  *Herrera v. Quality Pontiac*, 2003-NMSC-018, 134 N.M. 43, __, 73 P.3d 181, 186 (internal quotation marks and citation omitted).

Because there exists no general duty to protect others from harm,[1] the law requires a special relationship to support imposition of such an obligation.  Defendant Oblinger contends that the undisputed facts establish that she was under no such duty to protect Hamilton from his own spontaneous and unforeseeable decision to suddenly climb the Henge.  Plaintiff admits that he did not inform Oblinger of his intention to do so, but relies on his deposition testimony that Oblinger watched him climb and made no attempt to stop him. Oblinger disputes this characterization and maintains that she did caution Hamilton: "Get back over here.  You shouldn't be near that. . . . Come down, get back over here."  *Doc. 85-2* at 48-49.  But that disputed fact is immaterial because I find that Oblinger was under no duty to warn or restrain Hamilton.

Plaintiff predicates imposition of the duty on several theories.  First, he argues that Defendant Oblinger had common law "premises liability" as to him because he was her "invited visitor" on the property.  He argues that because Oblinger had been given the "right to use" the pool, she was an authorized "occupant" of the property and liable for any hazards on the premises.  Hamilton cites no case law in support for this novel position.  He simply contends that the permission to occasionally use a small portion of the property amounts to "possessory rights in, or control over, certain property or premises."

Plaintiff also relies on Oblinger's testimony that she had described to him a dinner party

---

[1] Defendant incorrectly attributes the Supreme Judicial Court of Massachusetts with similar observations, such as, "There is a basic presumption that adults should take responsibility for their own actions." *Doc. 70* at 10-11 (citing to *Hamilton v. Ganias*, 1993 WL 13157277 (Mass. 1993).  Although I agree with that general proposition, that language and other quoted portions come from the defendant's appellate brief rather than the court's decion which can be found at 417 Mass. 666, 632 N.E.2d 407 (1994).

during which the Andersons had invited her inside the Henge building for a tour of it. That one-time occasion included a visit to the balcony at the top of the structure which she described as having "a stunning view." Plaintiff maintains that by relating this balcony visit on a previous outing at the pool, Defendant Oblinger "encouraged" him to climb the exterior of the Henge to reach the balcony. Yet Defendant had made no announcement or hint that he intended to climb the structure - indeed, no one had ever indicated to Oblinger an intent to make such a climb and she had never contemplated such an endeavor. I am at a loss as to how one can "encourage" a result that one has never envisioned. Simply put, the facts upon which Plaintiff relies cannot support a finding of a possessory interest sufficient to impose such liability.

As a separate and independent basis for summary judgment, Defendant contends that the incident causing the Plaintiff's injuries was not a foreseeable event. I agree. As discussed above, all of the deposition testimony indicates that Defendant Oblinger did not anticipate that anyone would ever try to scale the exterior of the Henge. Indeed, Plaintiff has come forward with no evidence that anyone ever did so prior to his undertaking.

In support of his position that such an event was "reasonably foreseeable," however, Hamilton relies on Exhibit D *(Doc. 85-5)* to his response in opposition to the motion for summary judgment. He argues that this exhibit, a 1964 article about the Henge, creates a jury issue on foreseeability and sets forth the following rationale:

> An art review written about the Henge and published shortly after its construction explains that the Henge inspires a desire of an observer to "climb" and "explore" it inside and out. Ex. D, Bainbridge Bunting, "The Henge," N.M.A. March-April 1964 at 14-19. Hamilton testified that in fact, it was not difficult to climb and only took him a few minutes. . . . Professor Bunting observed: "As the visitor stands before the Henge, a strong impulse directs

5

> him to explore it, to scramble up a rising earth mount and enter
> the moving complexity of the shapes and spaces. . . . After
> climbing up and over, through and under, down and on to, behind
> and around, one may possibly discovery somewhere on the Henge's
> periphery a stone grotto containing an iron-clad door." *Id.* at 18.
> Bunting's sentiment is echoed exactly by Hamilton's actions and
> Hamilton anticipates offering expert testimony on this issue.

*Doc. 85* at 9-10. Plaintiff contends that the foreseeability analysis called for in this case is analogous to that of foreseeable misuse of a product in a products liability case, and that this article provides evidence of a foreseeable "misuse" of the Henge.

In response to this argument, Defendant has moved to strike the exhibit. Plaintiff failed to file a timely response to the motion to strike. *See Doc. 100.* Pursuant to Rule 7.1(b) of our Local Rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Moreover, I find the arguments raised in the motion to have merit. It is disputed that neither Defendant Oblinger nor Plaintiff had read the article before the incident. The article sets forth the author's opinions only and is offered for the truth of those opinions - that the structure's design can inspire an observer to think of climbing it. Therefore, the hearsay objection to the forty-five year old article is sustained.

To survive summary judgment, it is Plaintiff's burden to come forward with *admissible* evidence of foreseeability. This he has not done. On the admissible evidence now before me viwed in the light most favorable to Plaintiff, no reasonable person would have foreseen that Plaintiff would spontaneously engage in such an attempt to climb the Henge. For all the above reasons, Defendant Oblinger is entitled to judgment as a matter of law in her favor.

Wherefore,

IT IS HEREBY ORDERED that Defendant Mollie Oblinger's Motion to Strike Exhibit D *(Doc. 91)* and Motion for Summary Judgment *(Doc. 69)* are granted.

_____
UNITED STATES MAGISTRATE JUDGE