IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYAN HAMILTON,

      Plaintiff,

vs.                              No. CIV-09-0080 KBM/LAM

DONALD ANDERSON and
SALLY ANDERSON,

      Defendants.

# ORDER DENYING DEFENDANTS'
# MOTION TO REOPEN DISCOVERY AND FOR SANCTIONS

**THIS MATTER** is before the Court on *Defendants Donald and Sally Anderson's Motion to Reopen Discovery for Limited Purpose of Deposing Kate Eaton and for Sanctions* (*Doc. 127*) (hereinafter, "*Motion*")**,** on *Notice of Supplementation of Exhibits [Thereto]* (*Doc. 135*) (hereinafter, "*Supplement*").  The Court has considered the *Motion* (*Doc. 127*), the *Supplement* (*Doc. 135*), Plaintiff's response (*Doc. 137*) (hereinafter, "*Response*"), Defendants' reply (*Doc. 140*) (hereinafter, "*Reply*"), and the relevant law.  Furthermore, the Court heard the parties' arguments at a telephonic motion hearing on March 31, 2010.  *See Clerk's Minutes* (*Doc. 151*).  For the reasons stated during the hearing and herein, the Court will DENY Defendants' *Motion*, which requests: (1) a limited reopening of discovery, (2) as a discovery sanction, exclusion from trial of any evidence resulting from the disputed contacts, and (3) sanctions, including the costs and fees associated with the motion.  *See Document 127* at 9.

      This *Motion* and its *Supplement* arise out of Defendants' claim that Plaintiff's counsel, Mr. Eaton, violated the Rules of Professional Conduct (hereinafter, "Rules") by improperly

contacting a named party who was represented by counsel, and witnesses. ***Motion*** (*Doc. 127*) at 2. Specifically, Defendants allege that Ms. Leuker-Eaton, an employee of Mr. Eaton and his daughter-in-law, improperly contacted Mollie Oblinger both before she was named as a defendant, and after she was named while she was represented by counsel. *Id.* at 4–7. Defendants further allege that Ms. Leuker-Eaton contacted several potential witnesses via a ruse to hide her true motivation of discovering information helpful to Plaintiff's case. *Id.* at 7–9; ***Supplement*** Ex. C *Affidavit of Alison Carey* (*Doc. 135-2*) at 1–2; Ex. D *Affidavit of Michael Beitz* (*Doc. 135-3*) at 1–2. Mr. Eaton, however, denies that the contacts violated the Rules and explains that he felt compelled to utilize methods beyond traditional discovery because Defendants had withheld certain information despite discovery requests. *See* ***Response*** (*Doc. 137*) at 3. Defendants request a limited reopening of discovery for the purpose of deposing Ms. Leuker-Eaton, exclusion from trial of any evidence resulting from the disputed contacts, and sanctions including costs and fees associated with their motion. ***Motion*** (*Doc. 127*) at 9.

     At the telephonic motion hearing, the Court found that Ms. Oblinger was only technically a party at the time of the contact because summary judgment had been ruled in her favor almost a month before the contact was made and only a couple of days prior to her being terminated from the lawsuit. ***Clerk's Minutes*** *(Doc. 151)* at 1–2; *see* ***Memorandum Opinion and Order*** (*Doc. 106*) at 7 (granting summary judgment in favor of Ms. Oblinger on January 4, 2010); ***Motion*** Ex. A *Affidavit of Mollie Oblinger* (*Doc. 127-2*) at 1 (Ms. Leuker-Eaton contacted Ms. Oblinger on January 30, 2010); ***Memorandum Opinion and Order*** (*Doc. 124*) at 2 (denying motion to reconsider summary judgment in favor of Ms. Oblinger on February 4, 2010). Consequently, there was no prejudice to Ms. Oblinger because she was dismissed from the case on summary judgment.

Furthermore, upon discovering the contact, Mr. Eaton himself notified the Disciplinary Board and invited defense counsel to do the same, which she has done. *Response* (*Doc. 137*) at 1–2 and Ex. A, *Affidavit of Roger Eaton* and Ex. 13 thereto (Docs. 137-2, 137-6) (Mr. Eaton notified the Disciplinary Board.); *Clerk's Minutes* (*Doc. 151*) at 2 (Defense counsel, Ms. Priest, stated that she had filed complaint with Disciplinary Board.).  The Court found that under the circumstances, the contact with Mollie Oblinger did not prejudice Defendants Anderson because Ms. Oblinger became suspicious about the line of questioning and the person questioning her and provided no information that could be useful to Plaintiff or harmful to Defendants.  *See Clerk's Minutes* (*Doc. 151*) at 2; *Motion* Ex. A, *Affidavit of Mollie Oblinger* (*Doc. 127-2*) at 2.

Regarding the contacts with potential witnesses, Allison Carey, Christy Georg, and Michael Beitz, the Court found that these contacts did not prejudice Defendants because the evidence currently before the Court indicated that the contacts did not produce any information that was either hurtful to Defendants' case or helpful to Plaintiff's case. *Clerk's Minutes* (*Doc. 151*) at 2; *see Motion* Ex. E *Affidavit of Christy Georg* (*Doc. 127-6*) at 1–2; *Supplement* Ex. C *Affidavit of Alison Carey* (*Doc. 135-2*) at 1–2; Ex. D *Affidavit of Michael Beitz* (*Doc. 135-3*) at 1–2.  Regarding the allegation that Mr. Eaton contacted Ms. Oblinger before she was named as a defendant in this case, the Court found that there was no evidence that such contacts produced any information that was harmful to Ms. Oblinger; indeed, she has been dismissed on summary judgment.  *Clerk's Minutes* (*Doc. 151*) at 2.

Moreover, Defendants want to depose Ms. Leuker-Eaton to find out everyone whom she had contacted and what she represented to them.  *Motion* (*Doc. 127*) at 9; *Clerk's Minutes* (*Doc. 151*) at 2.  At the telephonic hearing, however, it did not appear that any evidence would be produced by

deposing Ms. Leuker-Eaton since she did not obtain any information that hurts Defendants' case. *Clerk's Minutes* (*Doc. 151*) at 2.

Because the contacts at issue did not prejudice Defendants Anderson and because no admissible evidence would be anticipated by permitting the deposition of Ms. Leuker-Eaton, the Court will DENY Defendants' *Motion*, which requests: (1) a limited reopening of discovery, (2) as a discovery sanction, exclusion from trial any evidence resulting from the disputed contacts, and (3) sanctions, including the costs and fees associated with the motion. *See Document 127* at 9.

**IT IS THEREFORE HEREBY ORDERED** that *Defendants Donald and Sally Anderson's Motion to Reopen Discovery for Limited Purpose of Deposing Kate Eaton and for Sanctions* (*Doc. 127*) is **DENIED**.

**IT IS SO ORDERED.**

_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**