IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYAN HAMILTON,

      Plaintiff,

vs.                                       No. CIV-09-0080 KBM/LAM

DONALD ANDERSON and
SALLY ANDERSON,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY

**THIS MATTER** is before the Court on Plaintiff's *Motion for Order for Additional Discovery* (*Doc. 139*) (hereinafter, "*Motion*"). The Court has considered the *Motion* (*Doc. 139*), *Defendants' Response in Opposition to Plaintiff's Motion for Order for Additional Discovery* (*Doc. 146*) (hereinafter, "*Response*"), Plaintiff's *Reply Regarding Motion for Additional Discovery* (*Doc. 147*) (hereinafter, "*Reply*"), and the relevant law. Furthermore, the Court heard the parties' arguments at a telephonic motion hearing on March 31, 2010. *See Clerk's Minutes* (*Doc. 151*). For the reasons herein, the Court will GRANT IN PART and DENY IN PART Plaintiff's *Motion* (*Doc. 139*).

In this *Motion*, Plaintiff requests additional discovery to: (1) take the trial depositions of his treating physicians, (2) take the deposition of Ken James, and (3) take the trial depositions of certain "out-of-state witnesses."[1] *Document 139* at 1–2. Defendants oppose additional discovery for these

---

[1] Plaintiff also requested leave to "send out [additional] discovery to find out about" communications by Defendants and/or Defendants' supporters with "former artists in the RAiR program." (*Motion* (*Doc. 139*) at 2); Plaintiff later withdrew this request (*Reply* (*Doc. 147*) at 2). Additionally, the *Motion* requested leave to amend the Complaint, but this request appears to have been an error because it is not otherwise mentioned or addressed. *Document 139* at 2.

purposes and point out that the discovery deadline had already been extended several times and discovery closed on February 5, 2010.  *Response* (*Doc. 146*) at 1.  Defendants assert that Plaintiff fails to provide the requisite exceptional circumstances required by the Court's latest order to warrant a reopening of discovery.  *Id.* at 4–5.  Furthermore, the parties disagree about the deadlines for taking trial depositions versus discovery depositions.  *Id.* at 3; *see Reply* (*Doc. 147*) at 2.

### *1. Treating physicians*

At the telephonic motion hearing, the Court heard arguments on whether to allow Plaintiff to take the trial depositions of Plaintiff's treating physicians for the purpose of preserving trial testimony rather than for discovery.  Plaintiff's counsel also pointed out that some of these witnesses were beyond the subpoena power of the Court.  *Clerk's Minutes* (*Doc. 151*) at 3.  Defense counsel pointed out that Plaintiff had not cited any authority for taking trial depositions beyond the discovery deadline.  *Id.*; *see Response* (*Doc. 146*) at 3.  The Court advised that there was authority to do so, especially where the witnesses are beyond the subpoena power of the Court, as is the case with two or three of Plaintiff's treating physicians.  *Clerk's Minutes* (*Doc. 151*) at 3; *see Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354–56 (D. Colo. 2001) (explaining the differences between trial depositions and discovery depositions); *Mills v. Southwest Innkeepers, Inc.*, No. 05-cv-0151 MCA/LFG (D.N.M. filed Dec. 13, 2005) (allowing trial depositions beyond the discovery deadline where witnesses resided outside the judicial district and were previously disclosed to opposing side); *Bringle v. Moga Transport, Ltd.*, No. 03-cv-1083 JCH/ACT (D.N.M. filed Nov. 9, 2004) (compelling trial deposition beyond discovery deadline where witness resided more than 100 miles from New Mexico and had been previously disclosed to opposing side).  Defendants agreed to Plaintiff's taking these trial depositions as long as they would be limited to the information contained in the medical records and bills that were already disclosed to Defendants.  *Clerk's Minutes* (*Doc. 151*) at 3.  The Court agreed

to permit defense counsel, Ada Priest, to draft a proposed order outlining the parameters of the trial depositions subject to Plaintiff's counsel's review. *Id.* The Court further ruled that if Ms. Priest chose to submit such a proposed order, it would be due by April 7, 2010; otherwise the Court would enter its own order limiting the scope of the trial depositions. *Id.* Ms. Priest did not submit any proposed language, and the time for so doing has passed. The Court, therefore, clarifies that the trial depositions are limited in content to the medical records and bills that were previously disclosed to Defendants and must not be used to attempt to discover any information beyond that which has already been disclosed.

### *2. Ken James*

At the telephonic motion hearing, the Court also heard arguments on whether Plaintiff would be allowed to depose Ken James. *Id.* at 2. Plaintiff's counsel admitted that, although he only recently discovered that Mr. James had given different stories to himself and to Ms. Priest, he had been aware of Mr. James since November 2009. *Id.* The **Motion** to permit the deposition of Mr. James is too late, and the deposition of Mr. James will not be permitted because Plaintiff had ample opportunity to depose him during the many discovery deadline extensions in this case.

### *3. Out-of-State Witnesses*

Mr. Eaton clarified that potential witness, Clayton Merrell, was the only person who fell under the umbrella of the out-of-state witnesses "who may have had physical contact with the Henge beyond what had been revealed," referred to in Plaintiff's **Motion** (*Doc. 139*) at 2. **Clerk's Minutes** (*Doc. 151*) at 2. The deposition of Mr. Merrell by Plaintiff will not be permitted for several reasons. First, although Plaintiff had represented that Mr. Merrell had information useful to Plaintiff's case, Defendants presented an affidavit from Mr. Merrell indicating that his testimony was not as described by Plaintiff's counsel and would not be helpful to Plaintiff. **Clerk's Minutes** (*Doc. 151*)

3

at 2.  Thus, it does not appear likely that reopening discovery to allow this deposition would be beneficial to Plaintiff.  Second, several extensions to the discovery deadline have previously been granted.  *Scheduling Order* (*Doc. 44*) at 1 (discovery deadline of December 9, 2009); *Order Granting Stipulated Motion for Court Order Extending . . . Discovery . . . Deadlines* (*Doc. 63*) at 1 (extending discovery deadline to December 23, 2009); *Order Granting Plaintiff's Motion for Extension of Time . . .* (*Doc. 81*) at 1 (discovery deadline extended to January 23, 2010); *Order Granting Stipulated Motion to Extend . . . Discovery . . . Deadlines* (*Doc. 105*) at 1 (extending discovery deadline to February 5, 2010).  Finally, Plaintiff has not shown the requisite exceptional cause to reopen discovery to depose Mr. Merrell.  *See Order Granting Stipulated Motion to Extend . . . Deadlines* (*Doc. 105*) at 2 (requiring "exceptional cause" for any further extensions). At the telephonic hearing, the Court reminded Plaintiff that he could still call Mr. Merrell at trial, if he wished, subject, of course, to the standard rules for admission of evidence at trial.  *Clerk's Minutes* (*Doc. 151*) at 2.

Also at the hearing, the Court went on to examine several factors that tended to show that reopening was not warranted.  *Id.*  First, the Court found that the trial, scheduled for August 2, 2010, was imminent.  *See id.*  Second, the Court pointed out that the motion is opposed and would cause prejudice to Defendants if granted because discovery must have some finality.  *See id.*  Third, the Court found that Plaintiff had not been diligent in obtaining the depositions of Mr. James, his sons, or Mr. Merrell.  *See id.*

**IT IS THEREFORE HEREBY ORDERED** that Plaintiff's *Motion for Order for Additional Discovery* (*Doc. 139*) is **GRANTED IN PART and DENIED IN PART**:

(1) Plaintiff may take the trial depositions of his treating physicians as outlined above, limited in content to the medical records and bills that were previously disclosed to

Defendants and must not be used to attempt to discover any information beyond that which has already been disclosed;

(2) Plaintiff may not take the deposition of Ken James; and

(3) Plaintiff may not take the trial depositions of "out-of-state witness," Clayton Merrell.

**IT IS SO ORDERED.**

*Lourdes a. Martinez*
_____
**THE HONORABLE LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**